IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| SECURITIES AND EXCHANGE COMMISSION | : |
| v. | : Civil Action No. DKC 2003-2768 |
| | : |
| JOHN J. LAWBAUGH | |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion by Defendant John J. Lawbaugh for reconsideration of the court's March 14, 2005, Order.[1]  The issues have been fully briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the reasons that follow, the court will deny the motion for reconsideration.

**I.   Background**

The SEC filed the complaint in this matter on September 29, 2003, alleging securities fraud in violation of section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and sections 17(e)(1), 34(a), 34(b) and 37 of the Investment Company Act of 1940 ("Investment Company Act"), 15

---

[1] As the court noted in its prior memorandum opinion, (paper 23), there is some confusion as to whether Defendant's middle initial is "L" or "J."  Plaintiff believes, based upon its investigation, that it is "J," *see* paper no. 11, at 1 n.1.  Counsel for Mr. Lawbaugh have referred to him as John L. Lawbaugh, but the court will use the name under which he was sued.

U.S.C. §§ 80a-17(e)(1), 33(a), 33(b), and 36.   In the complaint, the SEC alleges that Defendant diverted in excess of $2 million from 1st Atlantic Guaranty Corporation and SBM Certificate Company through a series of fraudulent transactions, and misappropriated in excess of $1 million from several individual investors through false representations that he was investing their funds.[2]

Defendant filed a motion to dismiss, which the court denied on February 19, 2004.   Defendant was then required to answer the complaint within ten days, but did not.   The clerk entered default, pursuant to Rule 55(a), on May 25, 2004.   On August 10, 2004, Plaintiff filed a motion for entry of default judgment against Defendant, to which Defendant also did not respond.   On March 14, 2005, this court granted Plaintiff's motion, and ordered permanent injunctive relief, disgorgement, prejudgment interest, and civil penalties.   Defendant now moves that the court reconsider its March 14, 2005, Memorandum Opinion and Order.   For the following reasons, the motion will be denied.

## II.  Standard of Review

"A district court has the discretion to grant a [Fed.R.Civ.P.] 59(e) motion only in very narrow circumstances."[3]  *Hill v. Braxton*,

---

[2] For a complete recount of the factual history of this case, see the court's prior Memorandum Opinion.   (Paper 23).

[3] Defendant provides no legal authority for his motion, but refers to it as a "Motion to Alter or Amend Judgment."   The court will assume the motion was filed pursuant to Rule 59(e).

277 F.3d 701, 708 (4th Cir. 2002); *see also Microbix Biosystems, Inc. v. BioWhittaker, Inc.,* 184 F.Supp.2d 434, 436 (D.Md. 2000) ("A motion for reconsideration [pursuant to Fed. R. Civ. P. 59(e)] is granted only in limited circumstances.").  A Rule 59(e) motion may be made for one of three reasons:

> (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . .; or (3) to correct a clear error of law or prevent manifest injustice.

*Hill,* 277 F.3d at 708.  The Fourth Circuit has also held that relief may be granted under Rule 59(e) to "correct manifest errors of . . . fact upon which judgment is based."  *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996).  However, "a motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Ins. Co. of America v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D.Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc*. 963 F.2d 658 (4th Cir. 1992)).  As a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2801.1 (2d ed. 1995)).

**III. Analysis**

     Defendant asks this court to "amend the referenced Order by reducing the sanctions imposed to recognize the 'disgorgement'

which this defendant has already accomplished as well as his present condition and future prospects." (Paper 25, at 1-2). The court has already recognized the disgorgement in its March 14, 2005, Order. (Paper 24, at 5-6 ("Because the disgorgement and prejudgment interest amount has been paid to the injured parties — to 1st Atlantic Guaranty Corporation . . ., Defendant's obligation to pay the disgorgement and prejudgment interest amount of $4,149,752,89 BE and the same hereby IS, SATISFIED.")).

To the extent that Defendant seeks to reduce the civil penalty to account for "his present condition and future prospects," he fails to point to any intervening change in controlling law or new evidence not previously available. Likewise, Defendant neither alleges that the court made a clear error of law nor identifies any "manifest injustice" that a reduction in the penalty would prevent. Defendant's motion will be denied.

A separate Order will follow.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge